IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

    Plaintiff,                    No. CIV S-06-0947 RRB GGH P

   vs.

HIGH DESERT STATE PRISON, et al.,    ORDER AND

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Roche's motion to dismiss for failure to exhaust administrative remedies filed May 29, 2007. The other defendant ordered served, defendant Silkey, has not yet appeared. After carefully considering the record, the court recommends that defendant Roche's motion be granted.

        This action is proceeding on the original complaint filed April 17, 2006. Plaintiff alleges that on April 12, 2006, defendant Roche threatened that force would be used to take an x-ray from plaintiff.

        42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

1

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In the motion to dismiss, defendants state that plaintiff did not file any administrative appeals regarding the claims against defendant Roche. See declarations of N. Porter, D. Jackson attached to motion to dismiss.

On June 7, 2007, plaintiff filed a one page opposition to defendant's motion. In the opposition, plaintiff stated that he was in administrative segregation without access to his legal property. On June 14, 2007, the court granted plaintiff thirty days to file a supplemental opposition.

On June 25, 2007, plaintiff filed a supplemental opposition. Plaintiff states "they are not answering # 602 complaints–only the ones they want to." The court may find exhaustion of administrative remedies when prison officials fail to follow their own regulations regarding the processing of administrative appeals. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted). However,

plaintiff's conclusory assertion that prison officials are not answering his 602's does not warrant such a finding. Because plaintiff provides no specific information regarding any administrative appeal he filed against defendant Roche regarding the April 12, 2006, incident, the court does not find that he exhausted his administrative remedies based on the failure of prison officials to follow their own regulations regarding the processing of administrative appeals.

In his opposition, plaintiff also claims that he could not exhaust administrative remedies because he was moved seven times in one year, his legal property was taken and he was subject to constant harassment and threats to his safety. These circumstances do not excuse plaintiff's failure to exhaust administrative remedies. The court observes that plaintiff has been incarcerated at High Desert State Prison since he filed this action on April 17, 2006. Therefore, he has not been transferred since the alleged incident with defendant Roche on April 12, 2006.

The court also finds that the alleged confiscation of plaintiff's legal property should not have effected plaintiff's ability to file an administrative appeal against defendant Roche. Finally, plaintiff's vague and unsupported claims of harassment do not excuse his failure to exhaust administrative remedies.

For the reasons discussed above, the court recommends that defendant Roche's motion to dismiss be granted. In the motion to dismiss, defendants request that defendant Silkey be allowed to file an answer once the motion to dismiss is resolved.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of this order, defendant Silkey shall file a response to the complaint;

IT IS HEREBY RECOMMENDED that defendant Roche's May 29, 2007, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   8/1/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

mil947.mtd