IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                           No. CIV S-06-0947 JAM GGH P

   vs.

HIGH DESERT STATE PRISON, et al.,

        Defendants.             ORDER

                                      /

        On August 14, 2008, plaintiff filed a pleading stat that prison officials had denied him access to his legal property since May 12, 2008.  Plaintiff also stated that he was being denied access to his personal property.  Accordingly, on September 9, 2008, the court ordered defendants to respond to these claims.

        On October 2, 2008, defendants filed a response to the September 9, 2008, order.  According to defendants, on July 11, 2008, plaintiff was issued some of his legal property and his personal property.  Defendants stated that on October 2, 2008, plaintiff received the rest of his legal property.

        On October 10, 2008, the court denied plaintiff's request for his property on grounds that it was moot because he had received all of his property.

        On November 17, 2008, plaintiff filed a request for sanctions claiming that he had

1

not received all of his personal property. On November 21, 2008, the court issued an order observing that plaintiff's ability to litigate this action was not hampered by his inability to access all of his personal property. The court ordered plaintiff to file a short declaration addressing the specific personal property he required to litigate this action.

On December 8, 2008, plaintiff filed a pleading stating that he received none of the legal property and none of the property taken from him on May 12, 2008. Plaintiff claims that his personal property was taken from him on May 12, 2008, at Corcoran State Prison before his transfer to High Desert State Prison. Plaintiff states that he is missing a dictionary, reading glasses, stamps, etc.

In his December 31, 2008, plaintiff filed an opposition to defendants' summary judgment motion. The only exhibits attached to the opposition relate to plaintiff's continued claim that he does not have access to his personal or legal property. Attached as an exhibit is a civil rights complaint in which plaintiff alleges that on August 11, 2008, Mr. Lawry told him that he could not have access to his personal and legal property for 180 days. Also attached as an exhibit is a Rules Violation Report dated August 11, 2008, stating that plaintiff was assessed 180 days loss of access to his personal property effective August 11, 2008, and ending February 6, 2009.

The court is troubled by plaintiff's repeated insistence that he is still being denied access to his personal and legal property insofar as legal property is concerned as well as personal property such as reading glasses which would be essential in accessing the court.[1] There is no federal law known to the undersigned which requires suspension of a federal litigation because the plaintiff/prisoner is involved in disciplinary proceedings within a prison. At the very least, defendants would need to move for a stay based on the disciplinary proceedings demonstrating the compelling need for the federal case to be suspended. The Rules Violation Report stating

---

[1] The undersigned is not concerned with "comfort" type personal property.

2

1 that plaintiff is to be denied access to his personal property until February 6, 2009, substantiates
2 his claim that he is still being denied access to some of his property.
3       Accordingly, IT IS HEREBY ORDERED that within fifteen days of the date of
4 this order, defendants shall file briefing addressing plaintiff's claim that he has still not received
5 his legal and personal property; defendants shall address the Rules Violation Report which states
6 that he is not to have access to his personal property (such as is essential to access the courts)
7 until February 6, 2009.  If this matter is not resolved by this briefing, the court will order a
8 hearing.
9 DATED: January 15, 2009

                                    /s/ Gregory G. Hollows
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

13 mill947.ord