IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                      No. CIV S-06-0947 JAM GGH P

    vs.

HIGH DESERT STATE PRISON, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Silkey's motion for summary judgment filed December 19, 2008.

        In the order directing service filed March 22, 2007, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m). Defendants' notice of motion also directed plaintiff to Local Rule 78-230 for information regarding summary judgment.

        On February 26, 2009, plaintiff filed an opposition to defendant's summary judgment motion. Plaintiff does not address the merits of defendant's motion. Rather, he claims that he cannot file an opposition because he is missing his legal property related to this case.

1

The issue of plaintiff's access to his legal property has previously been addressed on several occasions by this court. On August 14, 2008, plaintiff filed a pleading stating that prison officials had denied him access to his legal property since May 12, 2008. Plaintiff also stated that he was being denied access to his personal property. Accordingly, on September 8, 2008, the court ordered defendant to respond to these claims.

On October 2, 2008, defendant filed a response to the September 9, 2008, order. According to defendant, on July 11, 2008, plaintiff was issued some of his legal property and his personal property. Defendant stated that on October 2, 2008, plaintiff received the rest of his legal property.

On October 10, 2008, the court denied plaintiff's request for his property on grounds that it was moot because he had received all of his property.

On November 17, 2008, plaintiff filed a request for sanctions claiming that he had not received all of his personal property. On November 21, 2008, the court issued an order observing that plaintiff's ability to litigate this action was not hampered by his inability to access all of his personal property. The court ordered plaintiff to file a short declaration addressing the specific personal property he required to litigate this action.

On December 8, 2008, plaintiff filed a pleading stating that he received none of the legal property and none of the personal property taken from him on May 12, 2008. Plaintiff claimed that his property was taken from him on May 12, 2008, at Corcoran State Prison before his transfer to High Desert State Prison. Plaintiff stated that he was missing a dictionary, reading glasses, stamps, etc.

On December 31, 2008, plaintiff filed an opposition to defendant's December 19, 2008, summary judgment motion. The only exhibits attached to the opposition concerned his continued claim that he did not have access to his personal or legal property. Attached as an exhibit was a civil rights complaint in which plaintiff alleges that on August 11, 2008, Mr. Lawry told him that he could not have access to his personal and legal property for 180 days. Also

attached as an exhibit was a Rules Violation Report dated August 11, 2008, stating that plaintiff was assessed 180 days loss of access to his personal property effective August 11, 2008, and ending February 6, 2009.

On January 15, 2009, the court ordered defendant to file briefing addressing plaintiff's claim that he had not received his legal and personal property. On January 28, 2009, defendant filed a response.

Regarding plaintiff's legal property, defendant stated that an inventory of plaintiff's cell found that he possessed eighteen manilla envelopes containing legal or miscellaneous documents. Attached as an exhibit to defendant's pleading were photographs taken of these manilla envelopes. Some of these envelopes clearly contained legal pleadings. Defendant also stated that plaintiff's property card indicated that he did not own a dictionary or reading glasses.

On January 29, 2009, plaintiff filed a difficult to decipher pleading stating that he was still missing legal property taken from him on May 12, 2008.

On February 11, 2009, the court issued an order stating that it considered the matter of plaintiff's legal property resolved as it relates to this case. The court granted plaintiff thirty days to file a supplemental opposition addressing the merits of defendants' summary judgment motion.

As discussed above, plaintiff's opposition filed February 26, 2009, states that he cannot file an opposition. Plaintiff states that he is missing his legal property for the years of 2006, 2007 and 2008.

The court has extensively considered the issue of plaintiff's access to his legal property. Defendant has been ordered to file briefing addressing this on two occasions. Each time, defendant states that plaintiff has his legal property and the personal property needed to litigate this action. Plaintiff's continued insistence that he does not have access to his legal property can only be seen as an attempt to manipulate the court and defendants. For these

reasons, the court finds that plaintiff has, in effect, failed to oppose defendant's summary judgment motion.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendant's motion for summary judgment. In the alternative, the court finds that defendant's motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Silkey's December 19, 2008, motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

/////

/////

/////

/////

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

mil947.sj